

100 Park Avenue | Suite 2500
New York, New York 10017
Tel 212-453-5900 | Fax 212-453-5959

Writer's Direct Dial:
ROSHNI CHAUDHARI
212-453-5949
rchaudhari@fordharrison.com

March 25, 2016

**BY ECF**
The Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

  Re: Robin Scott v. Marriott International, Inc.
     15-CV-01774 (MKB) (PK)

Dear Judge Kuo:

  On behalf of Marriott International, Inc. ("Marriott"), we respectfully submit this response to plaintiff Robin Scott's ("Ms. Scott" or "Plaintiff") itemized list of discovery disputes dated March 18, 2016. During the parties' meet and confer, Plaintiff agreed that each of the below requests are limited to the Marriott Marquis Hotel ("MMH"), where Plaintiff worked during her entire tenure with MMH, not all of Marriott; accordingly, this limitation is presumed in the discussions below. In addition, MMH will submit an affidavit in support of its position as set forth herein.

<u>Document Request 2</u> – **Coffee Break Server A-List Wage Compensation Since 2013**

  To the extent Plaintiff presents a dispute as to wages from 2003, this appears to be a typo—Plaintiff's document requests to MMH only requested wage information from *2013*. Clearly compensation data for 11 years preceding the alleged discriminatory decision not to promote Plaintiff is facially overbroad. Courts regularly "have imposed restrictions on discovery as to time period," extending it only to "a reasonable number of years prior to the defendants' alleged illegal action." *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 172 (S.D.N.Y. 2012) (compelling discovery only from 1998-2003 where plaintiff's allegations of discriminatory action dated back to 1998); *see also*, *e.g.*, *Yoo v. Actimize, Inc.*, No. 12 CIV. 8108 VSB, 2014 WL 1087974, at *2 (S.D.N.Y. Mar. 19, 2014) (affirming magistrate judge's discretion to limit scope of discovery to two years prior to plaintiff's alleged discrimination); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (considering scope of allegations and limiting discovery to approximately two years prior to alleged discrimination and retaliation and rejecting plaintiff's

March 25, 2016

request for information from 1985, when he began his employment).[1]  Furthermore, while Plaintiff claims that multiple years of compensation data is relevant because seniority increases pay, there is no basis for this claim.  Indeed, MMH has produced wage charts which demonstrate that compensation for A-List Coffee Break Servers is not based on seniority.  Instead, A-List Coffee Break Servers receive an hourly wage, in addition to gratuities.  This is consistent as long as the employee has been employed for 12 months.

The only relevant compensation information is for the 2015 calendar year.  Plaintiff's argument that seniority plays a role in the Coffee Break Server's wages to support her request for production of multiple years' wage information clearly fails.  Plaintiff's only remaining claim is her alleged denial of promotion in mid-2014.  As a result, it is MMH's position that wage information for the 2015 calendar year is reasonable under the circumstances. Submitting wage information for nearly fifteen individuals over the course of more than 12 years is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and overly broad at this time.

<u>Document Request 3</u> – **Banquet Server A-List Information Since 2003**

In both Document Request 3 and Interrogatory 2, Plaintiff requests application/roster information for the <u>Banquet</u> Server A-List.  Yet, Plaintiff only alleges that she was wrongfully denied a position on the <u>Coffee Break</u> Server A-List for which she applied in 2014. Although both positions fall within the umbrella of the Banquet Department, this does not make them alike.  Consequently, the information requested concerning the <u>Banquet</u> Server A-List is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff now claims in her letter to this Court that she alleged Marriott "systematically discriminated against women in the banquet department." Plaintiff's pleadings include no such allegation.  Plaintiff's First and Third Causes of action for gender discrimination (the Second and Fourth allege retaliation) specifically relate Plaintiff only -- "Defendant discriminated against plaintiff . . . *when it refused to promote her in March, 2014*." Compl. at p.6 (emphasis added).  Likewise, as set forth more fully above, Plaintiff's substantive allegations focus only on the Coffee Break Server A-List, not the Banquet Server A-List (nor any other aspect of the banquet department):

> 21.  Defendant hired a male with less experience in Coffee Break for the A-list position.
> . . .
> 23.  In all, plaintiff has applied for a position on the A list four times.  On each of those occasions, the position has been given to man.

---

[1] Although Plaintiff also claims in Document Request 4 that she applied to the Coffee Break Server A-List position 4 times, as explained below, there is no evidence of this and even Plaintiff cannot recall at all when these applications occurred and her discrimination causes of action are limited to the application in 2014.

March 25, 2016

    24. Out of 14 A list Coffee Break servers, only two are women.
    25. The hotel has not promoted a woman to the Coffee Break A list since 1986.

Indeed, Plaintiff does not allege, nor can she, ever applying for the Banquet Server A-List position. Marriott has no evidence of any such application by Plaintiff. Given the limited scope of Plaintiff's claims, there is no basis for permitting discovery on an entirely different position about which Plaintiff claims no wrongdoing.

  Plaintiff's unsupported assertions about the similarities of the <u>Banquet</u> Server and the <u>Coffee Break</u> Server are also incorrect. Plaintiff claims that the "manner in which vacancies were filled" and the "decision makers" for the <u>Banquet</u> Server A-List and <u>Coffee Break</u> Server A-List were the same. This is not true. MMH has produced multiple documents evidencing the fact that the decision makers and processes utilized to fill vacancies within the Banquet Server and Coffee Break Server roles are separate and distinct. Consequently, <u>Banquet</u> Server B-List information is not reasonably calculated to produce relevant information concerning Plaintiff's allegations of discrimination concerning the <u>Coffee Break</u> Server A-List.[2]

<u>Document Request 4</u> – **Coffee Break Server A-List Information Since 2003**

  Plaintiff's request for vacancy information on the Coffee Break Server A-List from January 1, 2003 to present is irrelevant, unduly burdensome, and overly broad based on Plaintiff's own admission. Plaintiff argues for the production of documents related to vacancies spanning multiple years beyond the time frame at issue – Plaintiff's 2014, by vaguely claiming that she applied in total "four times" to this position and "men were selected . . . when Plaintiff was applying for the position." Yet, Plaintiff, for her own part, is unable, through her Complaint or her responses to MMH's interrogatories, to provide any specificity about these other times that she allegedly applied for the role. MMH has searched its records and found only 1 application by Plaintiff for this position—in 2014. *See* attached Defendant's Second Amended Responses at p. 4.[3] Since there is no record of Plaintiff ever having applied to the Coffee Break Server A-List prior to or after 2014, documents related to any other vacancies are not relevant to this litigation.[4]

---

[2] Finally, even if this Court were to compel discovery on this issue, Plaintiff's request tracing back to 2003—11 years prior to the 2014 promotion at issue in this litigation, and 13 years of total information—is too extensive given there is no allegation in this case about wrongful actions as to the Banquet Server A-List, much less allegations warranting a search and potential production spanning nearly 15 years. *See supra* discussion in Document Request 2 (temporal limitations on discovery).

[3] Defendant's Second Amended Response to Plaintiff's First Request for Production of Documents and Defendant's Second Amended Responses to Plaintiff's First Set of Interrogatories, dated March 25, 2016, are attached hereto.

[4] MMH produced, which Plaintiff does not dispute, relevant documents relating to the selection of Mr. Nelson Arce, Jr. over Plaintiff for the 2014 vacancy.

March 25, 2016

Despite the arbitrariness of Plaintiff's requests, MMH reviewed its records and found that the only opening immediately before the 2014, occurred in 2005. Consistent with its document retention policies, the 2005 and any earlier requisition files are no longer maintained. MMH did hire an A-List Server in 2016. The relevant documents relating to her hire will be produced by March 31, 2016. Thus, it appears that Plaintiff's dispute here is moot.

Document Request 6 – **Locker Inspection Documents Since 2008**

The scope of Plaintiff's dispute here is unclear. MMH has produced a number of documents related to the locker inspections, including, but not limited to its written policies and disciplinary actions concerning locker inspections. MMH will further produce by March 31, 2016 the only other documents it has located regarding locker inspections dating back to 2010, based on a search by Human Resources at the Hotel. During the parties' meet and confer, Plaintiff's counsel indicated that Plaintiff only sought documents concerning how lockers are inspected and the schedule for inspection. After a diligent search, MMH has not located any additional responsive documents, beyond those produced or agreed to produce.

To the extent the dispute here is based on Plaintiff's request for documents dating back to 2008, there is no basis for such an expansive search. The year 2008 is an arbitrary time period—Plaintiff's own *interrogatory* 7, which similarly asks for information about prior locker inspections, is limited to January 1, *2010*. Indeed, given the allegations about locker inspections, which are entirely limited to 2014, there is no basis to conclude that Plaintiff requires information dating *six* years prior prove her case. As discussed above (*see supra* discussion of temporal limits in Document Request 2), MMH requests this Court to use its discretion to place reasonable temporal limitations on discovery requests, such as the one at issue.

Document Request 7 – **Redacted Document Relating to Locker Discipline**

MMH will produce an un-redacted version of the page in dispute by March 31, 2016, rendering this dispute moot.

Document Request 8 – **Violation of Alcohol Possession Rules Since 2008**

The scope of Plaintiff's dispute here is unclear. As explained during the parties' meet and confer, the search requested by Plaintiff is burdensome to conduct, as personnel information is not searchable by the violation of a particular work rule. Such a search would require the manual review of each associate's individual personnel file, which is unduly burdensome and unreasonable given the allegations at issue. MMH performed a search of the termination codes for associates and reviewed the personnel files for anyone whose termination was coded in January 1, 2013 through July 2014 (when Plaintiff was terminated) for "serious misconduct" and "violation of workplace rules," and found no responsive documents. Plaintiff indicated that this document request response was satisfactory if MMH described the scope of this search in writing, which was done on March 25, 2016, in Defendant's Second Amended Responses.

March 25, 2016

    Plaintiff's counsel appears to be retracting his position outlined during the parties meet and confer, and requesting records dating back to 2008 for the entire hotel.  This request is clearly overly broad and burdensome.  MMH would refer the Court to the case precedents limiting discovery requests to a reasonable temporal scope and to a plaintiff's particular division (see *supra* Document Request 2 and *infra* Document Requests 9 and 11). Despite this, MMH has searched its electronic discipline database (since approximately 2007, managers were expected to record and briefly describe disciplinary actions taken) for the terms "red sticker" or "alcohol" within banquet department associates and produced additional responsive documents.  As such, we believe this issue is moot.

Document Request 9 – **Complaints of Gender Discrimination Since 2003**

    MMH agreed to produce complaints of gender and retaliation discrimination filed against MMH by associates in the Banquet Department for the time period of January 1, 2012 through July 31, 2014 but found no responsive documents.  Although Plaintiff requests complaints filed over 11 years prior to her own, and 13 years to date, across the entire hotel, courts have routinely rejected such overly broad requests.  For example, "[i]n employment discrimination cases, courts in this circuit have frequently narrowed broad discovery requests for past complaints to those made by employees in a particular department or division." *Sasikumar v. Brooklyn Hosp. Ctr.*, No. 09 CV 5632 ENV RML, 2011 WL 1642585, at *4 (E.D.N.Y. May 2, 2011) (compelling production of only of complaints of type of discrimination alleged by plaintiff for 4-year period prior to plaintiff's termination only within plaintiff's department); *see also Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013) (recognizing typical limitation to departments and noting that broader discovery requests are allows only when there is "evidence" that procedures were applicable to all employing unites or plaintiff shows a "particularized need for, and likely relevance of, broader information."*); Yoo v. Actimize, Inc.*, No. 12 CIV. 8108 VSB, 2014 WL 1087974, at *1 (S.D.N.Y. Mar. 19, 2014) (affirming magistrate judge's discretionary order to limit discovery of other accommodation requests to two years, for same type of accommodation as alleged by plaintiff, in the groups in which plaintiff worked); *Dow v. US Airways, Inc.*, No. 1:09-CV-216, 2010 WL 1751886, at *1 (D. Vt. Apr. 28, 2010) (denying motion to compel response to interrogatory requesting all complaints of "employment discrimination . . . within the past 10 years.")

    Plaintiff does not offer any authority justifying her unreasonable request.  Accordingly, Plaintiff's request here is most appropriately limited to the Banquet Department and MMH's search over a two year period is more than sufficient.

Document Request 12 – **Comm'ns About Coffee Break Server A-List Vacancies Since 2008**

    Plaintiff apparently concedes that this request is limited to and duplicative of Document Request 4, and MMH refers the Court to its response to Document Request 4.

March 25, 2016

Document Request 16 – **Complaints of All Discrimination at Any Time**

Plaintiff apparently concedes here that this request is limited to and duplicative of Document Request 9, and MMH refers the Court to its response to Document Request 9. During the parties' meet and confer, Plaintiff's counsel limited this request to formal MMH gender and retaliation claims from 2003 to present. MMH searched for formal charges of retaliation against MMH between January 1, 2012 and July 2014 within the Banquet Department and will produce these documents by March 31, 2016.

To Plaintiff's broader request, any request for all "formal or informal" company-wide complaints of "employment discrimination"—regardless of how made, whether based on gender or retaliation, and without any temporal limits must be rejected as impossibly broad, ambiguous as to what constitutes an "informal" complaint, and overly burdensome. *See e.g.*, *Vuona v. Merrill Lynch & Co.*, No. 10 CIV. 6529 PAE, 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011) ("[C]ourts have held that '[o]ther claims of discrimination against a defendant are discoverable [only] if limited to the same form of discrimination.'").

Interrogatory 2 – **Banquet Server A-List Since 2003**

MMH refers the Court to its answer to Document Request 4. During the parties' meet and confer, Plaintiff conceded that names of associates are not required.

Interrogatory 3 – **Coffee Break Server A-List Since 2003**

MMH has produced a "roster" of Coffee Break Server A-List associates' dates of employment, dates in position, dates of hire, and gender. Since during the parties' meet and confer Plaintiff conceded that names and contact information were not relevant, MMH submits this dispute is now moot.

Interrogatory 4 – **Coffee Break Server B-List Information Since 2003**

The composition of the Coffee Break Server B-List is not relevant to Plaintiff's claim. Plaintiff has not asserted any wrongdoing by MMH as to its B-List Servers. Plaintiff, without support, claims that the decision makers for both lists are the same and thus the B-List will show women are "kept on the B list and not promoted to the A list." As explained above in Document Request 3, the Coffee Break Server A-List is not based on seniority. Likewise, the construction of the B-List does not necessarily impact the makeup of the A-List. Thus, Plaintiff's request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and should be denied.

March 25, 2016

Interrogatory 5 – **Coffee Break Server A-List Female Information for All Time**

Plaintiff admits this is interrogatory is limited to and duplicative of Interrogatory 4.  MMH believes Plaintiff intended to refer to Interrogatory 3, not 4, and refers the Court to its answers above.

Interrogatory 6 – **Locker Inspection Process**

The scope of Plaintiff's dispute here is unclear.  MMH has produced information about the locker inspection process and responded to Interrogatory 6 as completely as practicable:

Defendant objects to Interrogatory 6 because it is vague and ambiguous, overly broad, and unduly burdensome.  Subject to and without waiving this or the General Objections, Defendant states that it provides available lockers to associates for convenience and that such lockers remain company property.  Defendant's policy is that the associate is responsible for the contents of his or her locker and the hotel may conduct periodic announced or unannounced locker inspections, during which a member of management and non-management associate is present.  Defendant's practice is also to maintain disciplinary documentation arising from a locker inspection.  Defendant further refers to the documents produced in this litigation with regard to the inspection of Plaintiff's locker and documents generated in such inspection.

During the parties' meet and confer, Plaintiff's counsel stated that he needed information about who makes the decision to hold locker inspections, but MMH has not found any policy outlining this decision, beyond the documents and information already provided. Further, the information regarding the individuals involved in the 2014 locker inspection is in Plaintiff's possession. MMH submits that any remaining questions Plaintiff may have regarding the locker inspection process may be better suited for depositions or through narrower interrogatories.

Interrogatory 7 – **Prior Locker Inspections Since 2010**

MMH has amended its answer to Plaintiff to provide the results of its search for locker inspections from 2010 to 2014 and submits this dispute is now moot.

Interrogatory 8 – **Compensation for A & B List Coffee Break Servers, A-List Banquet Servers**

The scope of Plaintiff's dispute here is unclear.  MMH answered this Interrogatory by noting the compensation of the A-List and B-List is based on "hourly wage and tips," consistent with the documents it produced under Document Request 2.  Further, MMH responded to this Interrogatory by stating that the benefits between the two lists are materially the same, and full descriptions of those benefits were available in the documents produced by MMH.  During the parties' meet and confer, Plaintiff's counsel agreed that there was no dispute as to this request at this time. MMH submits that no dispute exist here.


                          Respectfully Submitted,

                          _____/s *Roshni Chaudhari*_____
                          ROSHNI CHAUDHARI